CAROLINE C. MERRIAM *vs.* SHEPHERD S. WOODCOCK & another.

A judgment recovered on the merits, by a laborer, for the full amount of his claim, in an action against a married woman and her husband for work done on her separate estate, which she defended on the ground that he was negligent in doing the work, though without seeking to recoup therefor, is a bar to a subsequent action by her against him for such negligence.

COLT, J. In a former action between these parties, the present defendants recovered compensation for services rendered under a contract with the present plaintiff, made with reference to her sole and separate estate, in which her husband was joined as codefendant. In defence of that action, the answer, after

setting out the contract with particularity, alleges negligence and unskilfulness in the performance of the services required, in every respect, and charges that the services actually rendered were of no value. The case was sent to an auditor, who found, in accordance with the defendant's claim, that the damage resulting to the defendant, on account of the plaintiffs' want of skill and negligence, was greater than any benefits received, and that the plaintiffs were not entitled to recover anything for their services. But this finding was not sustained at the trial, and a judgment was recovered, apparently for the full amount of the plaintiffs' claim.

The pending action is for the recovery of damages for the negligent and unskilful performance of the same contract for services by the plaintiffs in the former, and the defendants in this, action; and it is urged by this plaintiff that the former judgment is no bar to this suit.

The legal tests by which this is to be determined are of easy application to the facts presented. It is apparent that the subject matter of judicial controversy here has already been drawn in question, and directly put in issue in the former action. The parties to this suit were parties to that. The pleadings show that the declaration in both cases is upon the same contract; that the allegation of negligence and unskilfulness, which is the ground of this action, was set up in defence of that, and would have reduced or defeated the claim for services, if proved, on the ground of their total or partial want of value; and the jury must have passed upon that question in coming to their verdict. A recovery in the first action could not have been had without establishing a performance of the contract, or at least valuable services rendered under it. *Merriam* v. *Whittemore*, 5 Gray, 316. *Burlen* v. *Shannon*, 99 Mass. 200.

It is said that there was no claim by the defendant in the first action to recoup the damages claimed here. This may be so; and such is the proper course to pursue, when, in the opinion of the party defending, the damages which he has suffered from the plaintiff's negligence or want of skill exceeds a just claim for services under the contract, and it is intended to make a

claim for such excess in an independent action. For the pur-
pose of avoiding circuity of action, it is permitted to show these
damages in an action on the contract, instead of compelling a
resort to a cross action. The defendant must make his election,
however. He cannot avail himself of such a defence by way
of recoupment strictly, and afterwards bring his action to recover
for the damages in excess. In this case, plainly it is of no con-
sequence that the answer did not seek technically to recoup in
the first action; for the facts set up in it, if proved, would have
made out a complete defence; and the difficulty is, that the
same facts are made the foundation of the present action. The
subsequent remedy for the excess depended on defeating the
first action, in which there could have been no recovery without
proof of performance of the contract, or of valuable services
rendered under it. The issue once found in favor of the plain-
tiffs, followed by judgment thereon, is forever settled between
these parties. *Harrington* v. *Stratton,* 22 Pick. 510. *Burnett* v.
*Smith,* 4 Gray, 50. *Stevens* v. *Miller,* 13 Gray, 283. And see
*Davis* v. *Tallcot,* 2 Kernan, 184. *Exceptions overruled.*

*J. F. Pickering,* for the plaintiff.

*D. H. Mason & W. P. Harding,* for the defendants.