## STAR GLASS COMPANY *vs.* EDWIN MOREY & another.
## EDWIN MOREY *vs.* STAR GLASS COMPANY.

In answer to a declaration on an account annexed for goods sold and delivered, the o 'fend-ant set up that they were sold under a special contract fixing their quantity, quality and price; that he was damaged by failure of the plaintiff to deliver the stipulated quantity; that he was also damaged by the inferior quality of those delivered; that he did not ac-cept them; and that he had paid on account more than their value. And he brought a cross action upon like allegations of damage. On the trial of the actions together, he contended that the plaintiff had no claim otherwise than under the special contract; but refused to elect whether to avail himself of his own claim for damages, for breaches of that contract, in defence against the original action, or in support of the cross action. *Held,* that he was precluded from claiming that there had been no delivery under the special contract; that his entire damages for breaches of that contract were to be assessed, and applied first to cancel in whole or in part any balance due upon it for the goods deliv-ered; and that for any excess he was entitled to recover in the cross action, but if there was no such excess then judgment was to be entered against him therein. *Held, also,* that, if the jury found any amount due from him in the original action, his exceptions to instructions directing a verdict against him in the cross action could not be sustained.

On the trial of an action for the price of goods delivered in part performance of a contract which provided that some goods, being on hand, should be delivered at once, and the rest as fast as manufactured, and payment be made "net cash, 30 days or 90 day note, interest added," the defendant has no ground of exception to the refusal of a ruling that there can be no recovery without showing an entire performance or offer to perform by the plaintiff.

A contract, made here, with a manufacturer of window glass in a distant city, for the pur-chase from him of glass there manufactured or to be manufactured, and its delivery there to a carrier, referred for the designation of sizes of the glass, and as the basis of prices, to cards issued by the manufacturer without special reference to the market here. *Held,* that, if there was a difference of local usages as to the standard of measurement or mode of cutting the glass to fit the corresponding sizes of sash, and no provision made for it in the contract, the usage there would govern.

In an action on an account annexed, which was referred to an auditor, whose report was put in evidence on the trial, the judge instructed the jury that they were to assume, in the absence of anything to the contrary, that the auditor proceeded on proper legal grounds, and that his report was therefore legal evidence which settled the controversy and entitled the parties to have judgment accordingly, unless one party or the other should satisfy them that the auditor was in error. *Held,* that this instruction afforded no ground of exception.

WELLS, J. The Star Glass Company, a manufacturing cor-poration of Philadelphia in Pennsylvania, sue Edwin Morey of

Boston upon an account annexed for window glass alleged to have been sold and delivered. The answer sets up fraud and misrepresentation in procuring the order for the glass; breach of an express contract both as to quantity and quality of the glass delivered, and damages in consequence; that the defendant had refused to accept, under the contract, the glass which had been delivered, because it was different from that ordered, and of inferior quality; and that he had paid, on account of the purchase, more than the value of what was delivered.

A cross action by Morey, upon the same alleged express contract, counts upon like allegations of breach as those set up in his answer to the first suit.

Both actions were referred to an auditor, who finds the gross value of goods delivered, at the contract price, to be $4786.10. He also finds that the glass was deficient in size " and so was of defective and inferior quality and was not worth the price for which it was sold and at which it is charged," but finds its real value to be only $3600. Morey having paid $3000 on account, the auditor reports a balance of $600 against him in the first suit, and that he recover nothing in the cross action.

In the superior court,* both actions were submitted to the jury at the same time. A verdict for $805.35 was rendered for the plaintiff in the first suit, and, by direction of the court, for the defendants in the cross action. The exceptions brought here by the counsel for Morey were not allowed by the court below, but were proved before a commissioner, upon application to this court under the statute. They are argued only by the counsel for Morey, no one appearing here upon the other side.

The case is somewhat complicated by the diversity of the questions which appear to be raised; and we are inclined to think that the difficulty at the trial arose mainly from the attempt of the defendant in the first suit to avail himself of the advantages of several inconsistent positions at the same time. According to the bill of exceptions, " Morey claimed that the Star Glass Company could not recover, in an account annexed, on their declara-

* Before LORD, J.

tion, at all ; that it should have been a suit on the special con-
tract, as they claimed that it had not been performed by Morey,
and if the goods were not according to the contract, but were de-
fective, and not accepted by them [Morey] under the contract,
and they [Morey] had paid by the said note the sum of $3000
on account, or as an advance upon the goods, the company, being
in fault and having violated their agreement, could recover only
the value of the goods, less the amount paid, and nothing if the
sum exceeded the value ; and that Morey would have a right to
recover in his cross action damages for the breach of the contract
on the part of the company in not delivering the goods as agreed ;
that he had a right to defend the action of the corporation on the
ground that he had paid all the goods were worth, they not being
according to contract, and seek his damage, for violation of the
contract otherwise, in a cross suit."

One proposition, embraced in this statement and pressed in the
argument before us, is, that, as the goods delivered were not ac-
cording to the contract and were not accepted by Morey under it,
he was entitled, in defence of the action brought against him, to
limit the recovery to the actual value of the goods delivered, and
in his cross action to seek damages for the entire breach of his
alleged special contract.

We do not think that this position was warranted by the facts
of the case. If it had been, and the case were to be tried upon
that basis, the plaintiff in the first suit would be entitled to re-
cover, if at all, for the value of goods delivered and not returned,
without regard to the price or any other of the terms fixed by
the alleged special contract. The defendant could not avail him-
self of the objection that the goods were of less value, or of a
quality inferior to those ordered, or of any other breach of the
contract, for the purpose of reducing the damages, or amount to
be recovered. The position was therefore entirely incompatible
with the other grounds of defence insisted on at the same time,
and which were set up in the answer to the first suit. The
declaration was in general assumpsit, making no reference to any
special contract. The answer set up the special contract and
claimed damages both for nondelivery, and for breaches of the

contract in respect of the quality and value of the goods delivered. At the trial, the defendant pressed the objection that no action could be maintained otherwise than upon the special contract; and endeavored to maintain his right to damages under that contract, as a defence to the claim of the plaintiff for the price of the goods delivered. To the suggestion of the court that he should elect whether he would avail himself of his claim for damages in defence, or in support of his cross action, his counsel declined to elect, but said that, "if compelled to elect, he should rely on his defence, and except."

We think the defendant, Morey, was precluded, by the whole conduct of the case, from claiming that there had been no delivery under the contract, and therefore that he was entitled, in his cross action, to recover for an entire breach of the contract.

If he had desired to recover full damages in his cross action, that is to say, damages for the defects and inferior quality of the goods delivered, as well as damages for the nondelivery of the remainder, he was entitled to do so; but in that case he must have submitted to a verdict in the first suit for the whole amount remaining due for the goods delivered, at the contract price. This he declined to do. He preferred the possible chance of prevailing in both suits, by defeating the first and recovering something in addition upon which he might have judgment in his favor in the cross action also. According to the decision in *Cook* v. *Castner*, 9 Cush. 266, he was entitled to this advantage. But he was not entitled to have damages assessed in both actions for the same breach of contract; nor to divide his claims for damage as he saw fit between the two. Both actions being tried together, his entire damages for breaches of the contract must be assessed, and applied first to cancel, in whole or in part, the sum due upon the contract for the goods delivered. If it exceeded that balance, the excess would be returned in a verdict for the plaintiff in the cross action. If not, then the verdict in the cross action must be for the defendant. This we understand to be the rule established in the case of *Cook* v. *Castner*.

It is manifest that by this rule Morey must have failed to obtain a verdict in his cross action, even if that had been submitted

to the jury without the direction to find for the defendant. All damages to which he was entitled in either action were capable of being assessed in the action for the goods. *Bowker* v. *Hoyt*, 18 Pick. 555. The jury appear to have assessed damages to the amount of about $1000, leaving a balance still due to the plaintiff in the first suit, for which they rendered their verdict. Although the direction of the court that the jury should return a verdict for the defendant in the cross action was wrong at the time it was given, yet, as it appears by the verdict in the other case that the result must have been the same in any event, the ground of the exception is taken away. The plaintiff in that action does not show that he has suffered any loss or prejudice by the direction, and the contrary appears.

The question remains, whether the verdict as rendered was found under correct rulings and instructions. There are no exceptions to rulings upon the evidence.

The objections to the form of action, and that there could be no recovery for goods delivered, in part fulfilment of the contract, without showing a complete performance or offer to perform by the plaintiff, were rightly overruled. *Bowker* v. *Hoyt*, 18 Pick. 555. *Dorr* v. *Fisher*, 1 Cush. 271. *Knight* v. *New England Worsted Co.* 2 Cush. 271, 289.

The contract, which was partly by written correspondence and partly oral, contemplated a severance in its performance. A part of the glass ordered, being on hand, was to be delivered at once. The rest was to be manufactured, requiring not less than three months for the complete filling of the order. Morey desired it to be forwarded as fast as it should be ready. The terms of payment were " net cash, 30 days or 90 day note, interest added." One note had been given in pursuance of this understanding. Under such a contract, a party receiving part of the goods cannot withhold payment for them until the whole have been delivered. If there is a refusal by the other to complete the delivery he may set it up in defence by way of recoupment of damages, but not as a bar to any recovery.

The foregoing considerations we think sufficiently dispose of the several prayers for instructions on the part of Morey. He

objects however to the charge of the presiding judge, which is reported at length, and embodied in the bill of exceptions, together with several objections and additional requests made by his counsel at the close of the charge. These objections, though stated in several different forms, are in substance but two :

First. The judge charged the jury that under this contract the standard or rule of measurement, for the designated sizes of the glass ordered, would be the standard or rule which prevailed at Philadelphia, and in the Middle States, where it was manufactured, if any were established there. The ground of objection was, that the contract was in fact made in Boston, and that the rule of that place should govern ; or at least that the local rule of Philadelphia should not control.

Wherever the contract was in fact made, it was a contract with the manufacturer, for glass manufactured and to be thereafter manufactured at Philadelphia, and to be delivered there to the carrier. The propositions upon which the contract was made, and the orders upon which the goods were delivered, both referred to the cards of the manufacturer for the designation of sizes and as the basis of prices. Those cards were for the general business of the manufacturer ; at least, there is nothing in the case to show that they had reference, or purported to have reference, especially to the New England market. If there was a difference between the two places in the local usage in regard to the standard of measurement, or the mode of cutting the glass so as to fit the corresponding sizes of sash, and no provision made for it in the contract or in the orders, we think the judge was right in the instruction that the rule prevailing at the place of manufacture would govern.

Second. Complaint is made that the judge charged upon the facts. Our attention is specially called to remarks upon the testimony of one Hall, as to the use that could be made of glass which was cut too short. Upon examination of the charge in this particular, we do not think the remarks of the judge were calculated to disparage the testimony of the witness in the least degree.

Some objection is made here to certain observations of the judge in regard to the auditor's report. It does not appear

whether the testimony before the auditor was repeated before the jury; nor what occasion there was for these remarks of the judge. Their purport seems to be simply this : that it was to be assumed, in the absence of anything appearing to the contrary, that the auditor had proceeded upon proper legal grounds ; and that his report was therefore legal evidence which settled the controversy, and entitled the parties to have judgment accordingly, unless one or the other party should satisfy the jury that the auditor was in error. We do not think this was such an over statement of the effect of the auditor's report as to mislead the jury, or to afford just ground of exception to either party. *Commonwealth* v. *Cambridge*, 4 Met. 35.

We do not propose to scrutinize the charge of the presiding judge beyond the points thus brought to our attention by the excepting party. *Exceptions overruled.*

*A. A. Ranney,* for Morey.