MARCH 12,       ELLSWORTH v. BROWN.
   1875.

It appearing by an auditor's report that the defendant's damage, sustained
    by the breach of a special contract, was greater than the balance of the
    plaintiff's claim after deducting the defendant's set-off, and it also ap-
    pearing that the items of the set-off had been delivered and received in
    payment, it was *held* that the defendant could not recoup his whole
    damages and recover judgment for the balance which would then remain
    due on his set-off, as no right of action existed on the set-off at the
    commencement of the plaintiff's action.

ASSUMPSIT, by John B. Ellsworth against Bradbury T. Brown.    The
cause was sent to an auditor, who represents as follows:
    " I allow the items of the plaintiff's specifications as follows, viz. :
Dec. 6, 1872,       To drawing 7,643 cubic feet at 115 per M.
     to                    $4.50 per M.,                          $299.07
Feb. 27, 1873.      To drawing 22,090 feet at 3 dollars per M.,     66.27
                                                                 _____
                                                                 $365.34
I allow the defendant upon the items of his set-off and a bill
    of goods purchased of Dearborn & Merrill,                     333.87
                                                                 _____
                                                                  $31.47
I find that the 7,643 cubic feet of timber was drawn under a special
contract, which said contract was broken by the plaintiff prior to March
24, 1873, and I find that the damages sustained by the defendant,
by reason of the breach of said contract, more than equalled said
sum of thirty-one dollars and forty-seven cents, and any interest which
might be due on the same.    I therefore find that there is nothing
due the plaintiff from the said defendant."

    The defendant moved that the report be recommitted, in order
that the auditor should report the amount of damage accruing to the
defendant by the plaintiff's breach of said contract,—claiming that the
full amount of such damage should be applied to the reduction *pro
tanto* of the plaintiff's claim for services under said contract, and that
the balance then remaining due to the defendant should be recovered
in this action upon the set-off.

    But the auditor subsequently filed an amendment to his report, as
follows: " I hereby amend my report, in this, to wit,—I find that all the
items of the defendant's set-off were in payment of the plaintiff's claim
against the defendant, and, as such, might have been proved under the
general issue."

    The questions of law thus presented were transferred.

    *Flanders*, for the plaintiff.

    *Barnard*, for the defendant.

CUSHING, C. J.   The auditor having found that the plaintiff's claim for damage on account of the breach of the special contract is greater than the amount of the plaintiff's claim after deducting the set-off, and it being conceded, according to the doctrine of *Britton* v. *Turner*, 6 N. H. 481, that the defendant cannot recoup in damages beyond the amount of the plaintiff's claim, he desires to apply his damages in the first place to the plaintiff's claim, and take judgment for the balance which will then be due on his set-off.

But the auditor has found that the items of the set-off were delivered and received in payment of the plaintiff's claim. This being so, no right of action existed on the items of the set-off at the commencement of the action, and nothing can be recovered upon it.

LADD, J.   The defendant filed a set-off, and also at the trial before the auditor, as it seems, claimed a deduction by way of recoupment from any sum found to be due the plaintiff, on account of the plaintiff's failure to perform the special contract under which the work was done. This course was open to him, or he might rely on the set-off alone and bring a separate suit for the damage. But when he elected to take the former course, I think he precluded himself from recovering a balance, unless such balance should be found his due upon the set-off alone without recourse to the claim for damages. *Blodgett* v. *Berlin Mills Co.*, 52 N. H. 215. To hold otherwise would be allowing him in this indirect manner to recover upon an independent cause of action in a suit wherein he is defendant.

SMITH, J.   As the items embraced in the set-off were received in payment of the plaintiff's claim, the defendant could not maintain an action to recover their value, any more than, if the payments had been made in cash, he could have maintained an action to recover back the money. He has paid all but thirty-one dollars and forty-seven cents of the plaintiff's claim: against this latter sum he can recoup his damages for the plaintiff's breach of the contract, but, under the law as settled in this state, cannot recoup beyond that sum.

*Case discharged.*