MISSAK DERDERIAN *vs.* UNION MARKET NATIONAL BANK
OF WATERTOWN.

Middlesex.    October 30, 1950. — December 5, 1950.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, WILLIAMS, JJ.

*Res Judicata. Practice, Civil,* Stipulation.

This court was not bound by a stipulation of the parties as to the "sole issues" in an action where it appeared that upon agreed and incontrovertible facts the plaintiff was not entitled to recover in any event.

A mortgagor could not maintain an action against the mortgagee to recover damages for impropriety in the manner of conducting a sale in

foreclosure of the mortgage where it appeared that before the action was brought the mortgagor, as defendant in a suit by the mortgagee to recover a balance remaining due on the mortgage note after the foreclosure, had recouped damages for such impropriety in an amount equal to the mortgagee's claim: the mortgagor was not entitled to have his damages partially assessed in successive proceedings.

TORT. Writ in the Superior Court dated January 31, 1946.

The action was heard by *Dowd*, J., without a jury.

In this court the case was submitted on briefs.

*C. S. McLaughlin, W. H. McLaughlin, & G. A. McLaughlin*, for the plaintiff.

*D. Burstein*, for the defendant.

RONAN, J. This is an action of tort brought by a mortgagor against a mortgagee to recover damages arising out of the improper and wrongful manner in which the mortgagee conducted a foreclosure sale of the mortgaged premises. The judge, subject to the plaintiff's exceptions, denied various requests for rulings and found for the defendant.

The bank had previously brought a bill in equity to recover the balance due after the foreclosure sale on the promissory note which was secured by the mortgage and which Derderian had given to it. In his answer to the bill in equity, Derderian had set up that the bank had improperly conducted the foreclosure sale, and claimed a trial by jury. The following issue was framed and submitted to the jury: "Has the plaintiff established its debt against the defendant in the amount of $2,107.72?" The jury answered, "No." Thereafter, a final decree was entered dismissing the bill and on appeal this decree was affirmed. *Union Market National Bank* v. *Derderian*, 318 Mass. 578.

The only question now presented is the effect of that final decree upon the right of the mortgagor to maintain this action of tort. We are not bound by the stipulation of the parties, that the sole issues are whether the previous trial "is res judicata of the entire matter" and, if not, what the plaintiff's damages are, if it is clear that upon the agreed and incontrovertible facts the plaintiff in no event is entitled

to recover. *Gechijian* v. *Richmond Ins. Co.* 305 Mass. 132, 144. *Malone* v. *Bianchi*, 318 Mass. 179, 182–183. *Erickson* v. *Raspperry*, 320 Mass. 333, 335. The proceedings in equity established the facts that the manner in which the bank carried out the foreclosure sale operated to chill bidding and to prevent the sale of the property for a greater price than that obtained, and that the mortgagor was thus damaged in an amount at least equal to the balance due on the mortgage note.

It was decided in *Cook* v. *Castner*, 9 Cush. 266, that a defendant in an action of deceit arising out of the sale of a chattel could set up in his answer by way of recoupment that he had not been paid the full purchase price, and have so much of the purchase price as equalled the plaintiff's damages used to offset the plaintiff's claim and recover the purchase price thus reduced in the cross action which he brought against the buyer and which was tried together with the buyer's action. That procedure was followed in *Star Glass Co.* v. *Morey*, 108 Mass. 570, and has sometimes, although infrequently, been followed in recent times, *Learned* v. *Hamburger*, 245 Mass. 461, *Zarthar* v. *Saliba*, 282 Mass. 558; but it has often been said that the better practice is for the judge to require a defendant to elect to stand either on his answer or on his cross action. *Hebert* v. *Dewey*, 191 Mass. 403, 407. *Mark* v. *Stuart-Howland Co.* 226 Mass. 35, 43. *Poorvu* v. *Weisberg*, 286 Mass. 526, 536–537. But these are rules of practice and obviously can apply only when each party has brought an action against the other and their rights are to be adjudicated in a single trial of both actions.

The present action was not brought until after the final decree had been entered in the suit brought by the bank. The answer of the defendant in that suit, in so far as it attacked the method employed in the foreclosure sale, was in the nature of an answer by way of recoupment by which the defendant sought to be relieved of liability on the mortgage note. He now seeks other and additional damages than those with which he was already credited in the suit as

against the note. The damages now sought arose out of the identical transaction which was the basis of the equity suit, and the total amount of damages sustained by the mortgagor had been incurred upon the completion of the foreclosure sale. The mortgagor was free to set up these damages by way of recoupment or to bring an action to recover his entire damages. He had a single cause of action and he was not entitled to have his damages partially assessed in successive actions. *Canning* v. *Shippee*, 246 Mass. 338, 339–340. *Dearden* v. *Hey*, 304 Mass. 659, 661–662. In *O'Connor* v. *Varney*, 10 Gray, 231, a contractor sued the owner to recover for work and labor, the owner set up in defence that the work was improperly conducted, and a verdict was returned for the owner. The latter then brought an action to recover damages by reason of the failure of the contractor to do the work in a workmanlike manner in accordance with the contract. After pointing out that the owner might rely in defence upon specific breaches of the contract, it was said, "But if he intends to claim, by way of damages for nonperformance of the contract, more than the amount for which he is sued, he must not rely on the contract in defence, but must bring a cross action." That decision is in accordance with the weight of authority that a party who has the right to elect whether to assert a cross demand as a matter of defence or as a basis for an independent action, and chooses the first course and secures the benefit of such defence, cannot subsequently maintain an action to recover additional damages on the ground that they exceeded the amount for which he was credited in his defence of the first action. *Merriam* v. *Woodcock*, 104 Mass. 326, 328. *Harlow Realty Co.* v. *Whiting*, 308 Mass. 220, 225. *Brown* v. *First National Bank*, 132 Fed. 450, 451. *Watkins* v. *American National Bank*, 134 Fed. 36. *Leslie* v. *Mollica*, 236 Mich. 610. *Mitchell* v. *Federal Intermediate Credit Bank*, 165 S. C. 457. Restatement: Judgments, §§ 56, 60. Freeman, Judgments (5th ed.) § 792. 83 A. L. R. 642.

*Exceptions overruled.*