CHARLES R. McCAULEY, JR., trustee, *vs.* SONS PHARMACY, INC. (and a companion case). August 4, 1975. The plaintiff (McCauley), trustee of a trust, the developer of a shopping center, brought an action against Sons Pharmacy, Inc. (Sons), for rent (the first case). A lease was executed by the parties in October, 1971. The initial term of the lease, commencing January 1, 1972, was for one year with the rent $1,000 a month. Sons had an option to extend the lease for an additional two years with the rent increased to $1,100 a month. Sons occupied the premises from January 1, 1972 through May 24, 1973 when the premises were sold by McCauley. In this action McCauley sought to collect rent of $1,000 for the month of December, 1972 and $1,100 a month from January 1, 1973 through May 24, 1973. Sons filed an answer in recoupment which alleged that McCauley breached a covenant in the lease requiring him to complete the shopping center within a reasonable time and to make all reasonable efforts to obtain suitable tenants for the center. 1. The judge was correct in directing a verdict for McCauley in his action for rent in the full amount sought. The evidence showed that Sons paid rent for the months of January through November, 1972 only. The burden of proving payment for the period, December, 1972 through May 24, 1973, was on Sons (*Finkelstein* v. *Sneierson,* 273 Mass. 424, 428 [1930]; *Fuge* v. *Quincy Co-op. Bank,* 300 Mass. 296, 298 [1938]), and no evidence was introduced which would have warranted the jury in finding that any payment was made for that period. As indicated by the testimony of the president of Sons that its rent liability from January 1, 1973 through May 24, 1973 was $1,100 a month, there was no dispute as to the amount of rent due for that period. 2. Sons contends that it was error for the judge to have directed a verdict in favor of McCauley on Sons' answer in recoupment. Contrary to McCauley's argument, Sons' claim for breach of covenant was properly raised by an answer in recoupment. *Holbrook* v. *Young,* 108 Mass. 83, 85 (1871). *Taylor* v. *Finnigan,* 189 Mass. 568, 575 (1905). Although there was evidence to warrant a finding that McCauley breached that covenant, if Sons could show no evidence of damage, no case in recoupment was made for the consideration of the jury. *Bank of U. S.* v. *Thomson & Kelly Co.* 290 Mass. 224, 228 (1935). *Carney* v. *Cold Spring Brewing Co.* 304 Mass. 392, 396 (1939). Sons attempted to establish, as an element of damage, that during its first seventeen months of operation it incurred unanticipated losses as a result of McCauley's breach. To show this, Sons sought to introduce the expert opinion of its accountant as to losses Sons would have incurred had McCauley not breached the covenant. This evidence was properly excluded. The record does not show that proper foundation was laid to remove it from the realm of speculation. Since Sons was a new business, no established earnings record existed upon which such an opin-

ion could be based (contrast *Rombola* v. *Cosinadas,* 351 Mass. 382, 385 [1966]; *Dyecraftsmen, Inc.* v. *Feinberg,* 359 Mass. 485, 488 [1971]), and there was no evidence presented of earnings of similar businesses in similar circumstances. See *Narragansett Amusement Co.* v. *Riverside Park Amusement Co.* 260 Mass. 265, 281 (1927). The proper measure of damages in the circumstances is the difference between the value of the leasehold with the covenant unbroken and its value with the covenant broken. *A & S Prod. Corp.* v. *Parker,* 334 Mass. 189, 192 (1956). *Charles E. Burt, Inc.* v. *Seven Grand Corp.* 340 Mass. 124, 130-131 (1959). Although the amount of rent reserved in the lease is evidence of the value of the leasehold with the covenant unbroken (see *McKenna* v. *Begin, ante,* 168, 171 [1975], and cases cited), there was no evidence from which it could be found that McCauley's breach caused a diminution in the value of the leasehold. Contrast *Parker* v. *Levin,* 285 Mass. 125 (1934); *Charles E. Burt, Inc.* v. *Seven Grand Corp., supra.* As discussed above, the evidence of unanticipated losses incurred was properly excluded. There is no showing of prejudice to Sons from the exclusion of opinions of two experts as to the value of the leasehold during Sons' occupation where there was no offer of proof. *Ford* v. *Worcester,* 339 Mass. 657, 658 (1959). Furthermore, there was no abuse of discretion in the exclusion of evidence of actual losses incurred by Sons. That evidence alone would not have furnished an adequate criterion for determining the value of the leasehold. *Ferrick* v. *Barry,* 320 Mass. 217, 226-227 (1946). *Kabatchnick* v. *Hanover-Elm Bldg. Corp.* 331 Mass. 366, 372 (1954). 3. We have considered Sons' remaining exceptions to evidentiary rulings argued by it and find them without merit. 4. After the judge directed verdicts in the case discussed, Sons was granted an extension of time in which to file a bill of exceptions. In the interim, Sons filed a complaint (the second case) against McCauley in the Superior Court (see Mass.R.Civ.P. 3, 365 Mass. 733 [1974]) containing the same allegations made in Sons' answer in recoupment. There was no error in the allowance of McCauley's motion to dismiss on the ground that a prior action was pending. Mass.R.Civ.P. 12(b)(9), 365 Mass. 755 (1974). Compare *Manufacturers' Bottle Co.* v. *Taylor-Stites Glass Co.* 208 Mass. 593, 594 (1911). See *Derderian* v. *Union Market Natl. Bank,* 326 Mass. 538, 540-541 (1950). In the first case judgment is to be entered on the directed verdicts. In the second case, the order dismissing the action is affirmed.

*So ordered.*

*Robert S. Wolfe* for Sons Pharmacy, Inc.
*Jack J. Moss* for Charles R. McCauley, Jr., trustee.