Gershengorn, J.
This action arises out of a real estate transaction in which the defendant, Lawson Gwinn, was involved as a real estate broker and seller of property purchased by the plaintiff, Mary DeLuca (DeLuca). The defendants, Lawson Gwinn and Marilyn *402 Gwinn, sold Deluca property located at 3 Batchelder Avenue, North Reading, Massachusetts. The Gwinns own and currently reside at the property which is located between DeLuca’s purchased properly and Martin’s Pond. The Gwinns erected a fence on their property blocking DeLuca’s access to and view of Martin’s Pond.
DeLuca brought this action in the Middlesex Superior Court against the Gwinns alleging intentional misrepresentation, intentional and malicious destruction of property, and nuisance. The Gwinns brought counterclaims for intentional infliction of emotional distress and malicious prosecution.
Upon special questions, the jury found that the Gwinns had misrepresented facts in connection with the sale of the property and awarded DeLuca damages in the sum of $30,000.00. The jury found that DeLuca did not prove her claim for intentional and malicious destruction of property. While the jury additionally found that DeLuca sufficiently proved her claim for nuisance, this court allowed the defendants’ motion for judgment notwithstanding the verdict on the nuisance claim.
With respect to the Gwinn’s counterclaims, the jury awarded nominal damages on the intentional infliction of emotional distress claim but did not find that they proved a claim for malicious prosecution. The court reserved to itself findings on DeLuca’s G.L.c. 93A claim and makes the following findings of fact, conclusions of law, and order for judgment on that claim based upon all credible evidence at trial and submissions.
FINDINGS OF FACT
The Gwinns reside at 4 Batchelder Avenue in North Reading, Massachusetts. Mr. Gwinn is primarily self-employed as a contractor, but sometime during June and September 1987, Mr. Gwinn worked for ERA Old North Really of North Reading (“ERA”) as a real estate agent, salesman, and associate. In June 1987, property located directly across from the Gwinns’ home, at 3 Batchelder Avenue, North Reading, Massachusetts (“the property”), was listed for sale by ERA. The listed property had access to and a view of Martin’s Pond.
In response to a newspaper advertisement, DeLuca contacted ERA and inquired about purchasing the property. Mr. Gwinn acting as a broker on behalf of ERA showed the property to DeLuca. On this first occasion and on various occasions thereafter, DeLuca expressed her interest in the view of and direct access to the pond afforded by the property. At this time, Mr. Gwinn told DeLuca that he owned the land lying between the property and Martin’s pond. While there were discussions between DeLuca and Mr. Gwinn concerning the view of and the access to the pond, Mr. Gwinn never specifically promised that he would not build a structure on his property which would affect DeLuca’s access to or view of the pond. Similarly, Mr. Gwinn did not represent that if he sold his property, a subsequent owner could not legally erect a structure which would block her view.
In June 1989, DeLuca hired Mr. Gwinn as the contractor to build a deck next to her home. The deck allowed DeLuca to take full advantage of the pond’s view. DeLuca enjoyed the view until June 1991, when the Gwinns erected a picket fence approximately five feet, four inches in height. The fence blocked DeLuca’s view of and access to the pond.
RULINGS OF LAW
DeLuca has brought her G.L.c. 93A claim under §§2, 9. DeLuca is a “consumer” and the transaction at issue is one covered by G.L.c. 93A. G.L.c. 93A, §9(1). Whether the act complained of falls within the scope of unlawful conduct under G.L.c. 93A must be determined from the circumstances of each case. Loyes v. Quincy Mutual Fire Insurance Co., 7 Mass.App.Ct. 723, 726 (1979); Don Lorenz Inc. v. Northampton Nat’l Bank, 6 Mass.App.Ct. 933 (1978). A determination of what is fair or unfair is not dependent upon traditional tort or contract law concepts. Heller v. Silverbach Construction Corp., 376 Mass. 621, 626 (1978).
DeLuca relies upon Mr. Gwinn’s alleged assertions and misrepresentation as real estate agent and owner of the purchased property to support her 93A claim. This court is fully aware of the jury’s findings in this case; however, given the broad scope and flexible guidelines relating to G.L.c. 93A, this court makes its own findings without being constrained by those of the jury. Chamberlayne School & Chamberlayne Junior College, v. Banker, 30 Mass.App.Ct. 346 (1991).
Mr. Gwinn did not represent to DeLuca that the property she purchased had a “right of way” which precluded him from building a structure on his properly which would interfere with her view of and access to Martin’s Pond. While Mr. Gwinn may have made some representations to DeLuca at the time he showed her the property, a reasonable person would not have solely relied on his assertions. In fact, DeLuca was at all times represented by counsel. She had a responsibility to conduct a cursory search of the property she sought to purchase. An examination of the related real estate documents would have revealed that no such right-of-way existed. Additionally, the purchase and sale agreement reflected no promise from Mr. Gwinn to DeLuca sufficient to form a basis for her reliance.
The conduct of Mr. Gwinn upon which DeLuca relies is insufficient to support a G.L.c. 93A claim. In light of the foregoing, Deluca’s reliance on Mr. Gwinn’s failure to tender a reasonable offer of settlement cannot stand. There is no reason to grant the relief sought by DeLuca.
ORDER FOR JUDGMENT
For all of the foregoing reason, it is hereby ORDERED that judgment shall enter for the defendants Marilyn Gwinn and Lawson Gwinn on the plaintiff, Mary DeLuca’s, claim for violation of G.L.c. 93A.