JOHN M. MAHANEY & another *vs.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY & another. September 13, 1978. We affirm the

---

[1] Wilda Publishing Company.

judgment entered herein although we do so on a basis different from
that adopted by the trial judge. 1. The plaintiffs cannot prevail on a
theory of common law deceit because, despite the judge's conclusion
to the contrary (which we disregard as being clearly erroneous), Ma-
haney was not justified in relying on Camarota's representations as
to the estimated retirement benefits available to Mahaney under the
insurance policy upon his attaining the age of fifty-five, those repre-
sentations, in the circumstances of this case, having been "preposter-
ous or palpably false." *Yorke* v. *Taylor,* 332 Mass. 368, 374 (1955).
Those circumstances included the following: (a) the respective figures
for Mahaney's anticipated retirement benefits at ages sixty-five (cash
at retirement of $256,430, or total monthly pension of $2,416) and
fifty-five (cash at retirement of $221,430, or total monthly pension of
$2,282) had been conveniently juxtaposed by Mahaney on page 5 of the
proposed retirement plan in his possession; (b) Mahaney had
thoroughly familiarized himself with those figures; (c) the ten-year
span which accounted for the differences between the two sets of
figures (1990 to 2000), despite the absurdly disproportionate amounts
of those differences (a difference of only $35,000 in cash to be paid at
retirement and one of only $134 in total monthly pension payments);
and (d) Mahaney was at all material times keenly aware, as demon-
strated by his testimony, that the amounts of the expected benefits
were a function of time. It should therefore have been obvious to him
that something was radically wrong with the figures given to him. See
Restatement (Second) of Torts 541, Comment a (1977). Since the un-
reasonableness of Mahaney's reliance is a complete bar to the defend-
ants' liability for deceit, we need not decide upon the correctness of the
reasons given by the judge for concluding that the defendants were not
so liable or of his ruling that the measure of damages in a deceit action
of this kind was not governed by G. L. c. 231, § 85J. 2. To the extent
that the plaintiffs' contract claim is one to enforce the insurance
policy, the claim is defeated by the plain language of the policy. See
*Canney* v. *New England Tel. & Tel. Co.,* 353 Mass. 158, 165 (1967). To
the extent that they seek reformation of the policy on the basis of
Camarota's misrepresentations as to the estimated benefits available
to Mahaney at age fifty-five, their claim is merely a restatement of
their claim for damages on a tort theory of deceit and is foreclosed for
the reason discussed in part 1 of this opinion. 3. So far as we can
determine from a reading of the pleadings, the voluminous exhibits,
and the entire six-volume transcript, the plaintiffs did not assert any
rights under G. L. c. 93A until after the conclusion of the trial, the case
having been tried on the footing that the plaintiffs were seeking to
impose liability on traditional tort and contract theories without ref-
erence to c. 93A. It was not clear until after the entry of judgment that
c. 93A even applied to purchases of insurance (see *Dodd* v. *Commercial
Union Ins. Co.,* 373 Mass. 72 [1977]) or that actions brought under § 11
of that chapter (assuming without deciding that this could have been
such an action) were exempt from the requirement of § 9 that "a
written demand for relief" be made prior to the initiation of the action
(see *Nader* v. *Citron,* 372 Mass. 96, 99-101 [1977], and cases cited). The
defendants were put at an unfair disadvantage by the plaintiffs' belat-
ed attempt to inject c. 93A into the case, as they were thereby deprived
of any opportunity during the pleading and trial stages to prevent or
limit their supposed liability thereunder, such as by invoking the

demand-letter requirement of § 9 or the tender-of-settlement provision of § 11 (depending on which section might apply). See *Nader* v. *Citron, supra.* We therefore agree with the judge's apparent conclusion that the plaintiffs' claims under c. 93A were not properly before him. 4. The judge correctly ruled that G. L. c. 176D provides no remedy for private parties injured by deceptive insurance practices. See *Dodd* v. *Commercial Union Ins. Co.,* 373 Mass. at 75, 77. 5. The plaintiffs' claims under the Uniform Securities Act (G. L. c. 110A, inserted by St. 1972, c. 694, § 1) are equally unavailing, as an insurance policy is not a "security" within the meaning of the act. See G. L. c. 110A, § 401(*k*). 6. We do not consider various other issues which are suggested but not argued in the plaintiffs' brief within the meaning of Mass.-R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). See *Lolos* v. *Berlin,* 338 Mass. 10, 13-14 (1958).

*Judgment affirmed.*

*Albert E. Grady* for the plaintiffs.

*George E. Donovan (Richard A. Freedman* with him) for John Hancock Mutual Life Insurance Company.

*Edward W. Waystack & John P. Fitzgerald,* for Anthony S. Camarota, submitted a brief.