WILLIAM NOYES & another *vs.* QUINCY MUTUAL FIRE
INSURANCE COMPANY.

Norfolk.    May 10, 1979. — June 7, 1979.

Present: HALE, C.J., BROWN, & GREANEY, JJ.

*Practice, Civil,* Summary judgment. *Consumer Protection Act. Insurance,* Unfair act or practice.

In an action against an insurer pursuant to G. L. c. 93A for alleged unfair and deceptive acts as set forth in c. 176D, the judge erred in granting summary judgment in favor of the insurer where the pleadings and an affidavit made out a genuine issue of material fact with respect to whether the insurer's refusal to settle the insured's claim was made in bad faith with knowledge or reason to know that such refusal violated c. 93A. [725-727]

CIVIL ACTION commenced in the Superior Court on November 10, 1977.

The case was heard by *Mason, J.,* on a motion for summary judgment.

The case was submitted on briefs.

*David G. Galkin* for the plaintiffs.

*Robert L. Athas* for the defendant.

HALE, C.J. The plaintiffs, William and Marie E. Noyes, brought this action against their insurer, Quincy Mutual Fire Insurance Company (Quincy), seeking (1) payment of a property damage claim under the provisions of a homeowner's insurance policy issued by Quincy and (2) treble damages and attorney's fees pursuant to G. L. c. 93A for alleged unfair and deceptive acts as set forth in G. L. c. 176D.[1] After a hearing on a motion for summary judg-

---

[1] General Laws c. 93A, § 2, and G. L. c. 176D, § 3, have concurrent application to unfair or deceptive insurance acts or practices. *Dodd* v. *Commercial Union Ins. Co.,* 373 Mass. 72, 78 (1977). Chapter 176D

ment brought by Quincy under Mass. R. Civ. P. 56, 365 Mass. 824 (1974), the judge granted summary judgment in the amount of $779 for the plaintiffs on the first cause of action, and a separate such judgment for Quincy on the second cause of action, dismissing the plaintiffs' action with regard to the relief sought under Chapters 93A and 176D. It is from the latter judgment only that the present appeal is brought.

The following facts were alleged by the plaintiffs in their complaint. On February 13, 1977, the gasoline line of a motor vehicle parked in the plaintiffs' driveway broke, causing spillage and property damage in the amount of $779. The driveway was part of certain premises insured by Quincy under a homeowner's insurance policy. Upon Quincy's denial of coverage under the policy and its refusal to pay their claim, the plaintiffs complained to the Commissioner of Insurance. On August 26, 1977, one Fanikos, counsel to the Division of Insurance, rendered an opinion that the provisions of the policy covered the gasoline spill loss and that the claim should be paid. Fanikos suggested that the plaintiffs take legal action to secure payment since his "[d]epartment [did] not have the authority to issue a legal binding decision on this matter." On September 8, 1977, a thirty-day demand letter was sent to Quincy on behalf of the plaintiffs pursuant to G. L. c. 93A. Quincy made no offer of settlement in response to the demand.

Quincy's motion for summary judgment, unsupported by an affidavit, was brought on the ground that the pleadings[2] "show that there is no genuine issue of material fact" and that Quincy "is entitled to judgment as a

---

provides no remedy for private parties injured by deceptive insurance practices. *Mahaney* v. *John Hancock Mut. Life Ins. Co.,* 6 Mass. App. Ct. 919, 921 (1978).

[2] The "pleadings" referred to by Quincy in its motion appear to include, in addition to the complaint and answer, answers to interrogatories put to each of the plaintiffs.

matter of law." The plaintiffs filed an affidavit sworn to by Fanikos in opposition to Quincy's motion. Fanikos described the informal hearing held at the Division of Insurance wherein Quincy asserted its reasons for refusal to pay the plaintiffs' claim.[3] Quincy argued before Fanikos that the claim came within a "Contamination Excluded Peril" provision of the policy. Fanikos told Quincy that he did not consider the plaintiffs' loss to come within the common expectations of the contamination exclusion and advised the insurer to pay the claim. By granting summary judgment in the plaintiffs' first cause of action, the judge apparently had little difficulty concluding, as did counsel for the Division of Insurance, that the claim was covered by the plaintiffs' policy and that Quincy had improperly denied coverage of the loss, thereby rejecting the argument that the loss came within the contamination exclusion. Quincy, not having appealed, is bound by that determination.

A cause of action sounding in G. L. c. 93A is an appropriate matter for summary judgment under rule 56 only if there is no genuine issue of material fact. *Lowell Gas Co.* v. *Attorney Gen.,* 377 Mass. 37, 39 n.1 (1979). *Don Lorenz, Inc.* v. *Northampton Natl. Bank,* 6 Mass. App. Ct. 933 (1978). Summary judgment is a "device to make possible the prompt disposition of controversies on their merits without a trial, if in essence there is no real dispute as to the salient facts or if only a question of law is involved." *Community Natl. Bank* v. *Dawes,* 369 Mass. 550, 553 (1976), quoting from 3 Barron & Holtzoff, Federal Practice and Procedure § 1231, at 96 (Wright rev. ed. 1958). If the moving party by his supporting materials satisfies the burden of showing that there is no genuine issue of material fact and that he is entitled, as matter of

---

[3] One reason, not now pursued as a basis for denying coverage, was that the loss came under a "Pollution Liability Exclusion." At the hearing Quincy was unable to show Fanikos such a provision in the policy.

law, to a judgment (*Community Natl. Bank* v. *Dawes,
supra* at 554; *John B. Deary, Inc.* v. *Crane,* 4 Mass. App.
Ct. 719, 722 [1976]), the opposing party may not rest on
his pleadings, but must allege specific facts which estab-
lish a triable issue in order to avoid entry of a summary
judgment. *Commonwealth Bank & Trust Co.* v. *Plotkin,*
371 Mass. 218, 220 (1976). *Turner* v. *McCune,* 4 Mass. App.
Ct. 864 (1976). "[G]ranting summary judgment is error
when the party opposing the motion has alleged facts
relating to the transaction on which suit has been
brought which raise issues entitling him to a trial. See
*McMahon* v. *M & D Builders, Inc.,* 360 Mass. 54, 57-58
(1971)." *Community Natl. Bank* v. *Dawes,* 369 Mass. at
556. *Stetson* v. *Selectmen of Carlisle,* 369 Mass. 755, 763-
764 (1976). The duty of the trial judge is not to conduct a
"trial by affidavits" (or other supporting materials), but
to "determine whether there is a substantial issue of
fact." *Norwood Morris Plan Co.* v. *McCarthy,* 295 Mass.
597, 603 (1936).

Whether a given practice is unfair or deceptive under
G. L. c. 93A must be determined from the circumstances
of each case. *Commonwealth* v. *DeCotis,* 366 Mass. 234,
242 (1974). *Schubach* v. *Household Fin. Corp.,* 375 Mass.
133, 137 (1978). See generally *Whitinsville Plaza, Inc.* v.
*Kotseas,* 378 Mass. 85, 99-101 (1979). Resolution of the
basic dispute under the circumstances of this case de-
pends upon a factual determination of Quincy's knowl-
edge and intent. General Laws c. 176D, § 3(9) (*f*) (inserted
by St. 1972, c. 543, § 1), provides that it is an unfair claim
settlement practice for an insurer to fail "to effectuate
prompt, fair and equitable settlements of claims in which
liability has become reasonably clear." General Laws c.
93A, § 2 (*a*) (inserted by St. 1967, c. 813, § 1), covers such
insurance practices in its prohibition of "unfair or decep-
tive acts or practices in the conduct of any trade or com-
merce," *Dodd* v. *Commercial Union Ins. Co.,* 373 Mass. at
78, and provides for recovery of up to three but not less

than two times actual damages if the judge finds that "the use or employment of the act or practice was a willful or knowing violation ... or that the refusal to grant relief upon demand was made in bad faith with knowledge or reason to know that the act or practice ... violated [Chapter 93A]." G. L. c. 93A, § 9 (3) (inserted by St. 1969, c. 690). *Heller* v. *Silverbranch Constr. Corp.,* 376 Mass. 621, 627-628 (1978). Rice, New Private Remedies for Consumers: The Amendment of Chapter 93A, 54 Mass. L.Q. 307, 318-319 (1969). The existence of those issues of fact is made out from the allegations of the complaint admitted by Quincy and by the Fanikos affidavit and is such that summary judgment for the defendant should not have been entered on the second cause of action.

*Judgment reversed.*