Turcotte, P. J.
The complaint alleges the defendant, Hartford Accident and
Indemnity Company (hereinafter called Hartford), had caused damage to the plaintiff and the plaintiff is entitled to relief pursuant to G.L. c. 93A. It is alleged Hartford failed to defend the plaintiff in an action following an automobile accident. The plaintiff also seeks collision and PIP coverage. The plaintiff claims the coverage under a motor vehicle insurance policy issued to her by Hartford.[1] Hartford denied these claims on the basis that the policy had been cancelled at the time of the accident.
The plaintiff and defendant both filed motions for summary judgment pursuant to Rule 56, Dist./Mun. Cts. R. Civ. P. No counter-affidavits were filed by the plaintiff or defendant, and the affidavits filed did not contradict one another. The judge heard arguments on both motions and both parties conceded that there are no issues of material fact. The judge found for the plaintiff on her motion and the defendant appealed. We vacate the judgment for the plaintiff.
The affidavits indicate that the plaintiff purchased a motor vehicle liability *165 insurance policy issued by Hartford for the year 1982. The policy provided for coverage as alleged by the plaintiff. The plaintiff paid part of the premium and agreed to pay the balance over time.
As of April 4,1982, the plain tiff had paid $186.56 on this premium and owed a balance of $183.44. Hartford sent an invoice to the plaintiff dated April 4, 1982, indicating that $38.19 was due on or before April 26,1982. The plaintiff did not pay this amount by the day requested. Another invoice was sent on May 10, 1982 indicating that there was a past due balance of $38.19, and a current minimum of $31.68, with a total minimum due of $69.87. This May invoice also advised the plaintiff that the total minimum due of $69.87 had to be paid by May 25,1982 in order to avoid the issuance of a cancellation notice.
On or about May 20,1982, the plaintiff submitted a check for $38.19 which was subsequently returned for insufficient funds on or about June 7, 1982. Hartford then mailed that day a cancellation notice to the plaintiff in accordance with G.L. c. 175, §113A informing the plaintiff that there was an outstanding balance of $147.88 and unless the full amount then in arrears ($60.73) was paid by July 4,1982 the policy would be cancelled on July 4,1982.
On June 10, 1982, the plaintiff paid Hartford $31.68 by check, which was accepted and the proceeds retained by Hartford. No other funds were received by Hartford; it cancelled the policy on its books on July 5,1982 and notified the registrar of the cancellation. Hartford did not return any funds to the plaintiff prior to July 4, 1982.
On July 7, 1982, the plaintiff was involved in an automobile accident and incurred damages and liability in the amount of $6,208.30. If the policy was in effect on this date, it would have covered this loss. The plaintiff claims coverage under her policy and the Hartford denies coverage.
The plaintiff sent a written demand for relief to the defendant pursuant to G.L. c. 93A on November 30, 1982. Hartford made no written offer of settlement in response to this letter.
The court granted summary judgment for the plaintiff and awarded her actual damages in the amount of $6208.30 ruling that as a matter of law Hartford should have applied the amount of $31.68 to provide coverage for the plaintiff on a per diem basis, assessed double damages pursuant to G. L. c. 93A, and awarded attorney’s fees in the amount of $1000.00.
There is no indication in the pleadings or affidavits and attached documents whether the agreement to pay over time was written or oral, or of the terms of the agreement. The judge made a finding that the agreement to pay over time was oral. Rule 56, Dist./Mun. Cts. R. Civ. P. is identical to Rule 56, Mass. R. Civ. P. The Reporter’s Notes Rule 56, Mass. R. Civ. P. provides “. . . The important thing to realize about summary judgment under Rule 56 is that it can be granted if and only if there is ‘no genuine issue as to any material fact.’ If any such issue appears, summary judgment must be denied. So-called ‘trial by affidavits’ has no place under Rule 56.”
The burden of the moving party on a motion for summary judgment is to establish that there is no genuine issue of material fact on every relevant issue raised by the pleadings. “Also all doubt as to the existence of a genuine issue of material fact must be resolved against the party moving for summary judgment.” Attorney General v. Bailey, 386 Mass. 367, 371 (1982). “The moving party must affirmatively show there is no real issue of fact "Attorney General v. Bailey, supra. The plaintiffs affidavit, her pleadings and attached documents do not affirmatively show what the intent of Hartford was when it retained *166 $31.68 after sending a cancellation notice. The basic dispute, whether there was or was not coverage depends on a factual determination of Hartford’s knowledge and intent. These same facts are necessary to a determination of whether there was an unfair or deceptive practice under G.L. c. 93A. Noyes v. Quincy Mutual Fire Ins. Co., 7 Mass. App. Ct. 723 (1979).
The judge in evaluating the material in support of the plaintiffs motion for summary judgment should view the inferences which may be drawn from the facts alleged therein in the light most favorable to Hartford opposing it. Leo J. Coveny & Another v. President of The College Of The Holy Cross, 386 Mass. 16 (1983). The judge here should infer the intent of the Hartford was not to retain coverage, but to return the money to the plaintiff and rely on its cancellation notice.
The plaintiff has failed to allege affirmatively the intent of the Hartford in retaining the $31.68, and where inferences are drawn most favorable to Hartford it follows that the motion should be denied.
The judge was not required to infer on Hartford’s motion for summary judgment that the retention of $31.68 was not to retain coverage. There was no error in denying its motion for summary judgment.
The judgment for the plaintiff is vacated and the case ordered to trial.

Claims under the provisions of G. L'. c. 140D and G. L. c. 225 were waived by the plaintiff.