Hurley, J.
The defendant Philip E. Heckman claimed a report from the trial court’s grant of summaryj udgment for the plaintiff. The report is allowed, the judgment reversed, and the case returned to the Quincy Division for trial.
The facts, except for the defendant’s intent, are not in dispute. The third party defendant sustained an ir\jury and engaged the services of the defendant Philip E. Heckman, Esq. to represent him. The third party defendant’s ii\jury was treated by the plaintiff. The plaintiff sued the third party defendant to recover payment of its bill. In a letter to the clerk rescheduling a trial date, the defendant typed on a copy to counsel for the plaintiff the following: “bcc Mr. Foster: My client has authorized me to represent that your client’s bill will be *124 paid out of any recovery secured in his tort claim.” Some eight months later the tort claim was settled and proceeds paid over to the third party defendant. Two months later, after-receipt of a demand letter from counsel for the plaintiff, the defendant instructed the third party defendant to pay the plaintiff. This action under G.L. c. 93A, § 11 followed.
Summary judgment is a “device to make possible the prompt disposition of controversies on their merits without a trial, if in essence there is no real dispute as to the salient facts or if only a question of law is involved.” Community National Bank v. Dawes, 369 Mass. 550, 553 (1976). This is the standard on which the trial judge rules on the motion for summary judgment and the standard of our review. 8 J. SMITH & ZOBEL, MASSACHUSETTS PRACTICE, §56.10, at 364 (1977). The affidavit in support of the plaintiffs motion for summary judgment and the defendant’s counter-affidavit raise a genuine and material issue of fact: whether the defendant, a member of the Bar, had wilfully or knowingly engaged in an unfair or deceptive act or practice. In his affidavit, the defendant denies that he guaranteed payment of his client’s expenses. He swears in addition that he had been authorized by his client to represent that the client would pay his medical bills out of the settlement proceeds. The pleadings and affidavits require that all relevant evidence on the “state of mind” issues be heard and evaluated by a trier of fact. Hahn v. Sargent, 523 F. 2d 461, 468 (1st Cir. 1975), cert. denied, 425 U.S. 904 (1976). “The issue of a party’s intention or knowledge, raised by the pleadings, often cannot be resolved adequately from a consideration of the limited materials which accompany a summary judgment motion.” Noyes v. Quincy Mutual Fire Ins. Co., 7 Mass. App. Ct. 723, 724-725 (1979). “The granting of summary judgment in a case when a party’s state of mind or motive constitutes an essential element of the cause of action is disfavored.” Quincy Mutual Fire Ins. Co. v. Abernathy, 393 Mass. 81, 86 (1984).
The motion for summary judgment should have been denied.