Dolan, J.
Defendants appeal from the allowance of plaintiff's Motion for Summary Judgment on its complaint and in plaintiff s favor on defendants' counterclaim. We find no error.
In October, 1984, defendants owed plaintiff over $38,000 on two loans secured by mortgages on two parcels of real estate. Defendants asked plaintiff to consolidate the two loans into one loan and plaintiff agreed. In searching the title to prepare for closing, plaintiff discovered that defendants' real estate was subject to two attachments and a possible inheritance tax lien. Defendants were notified in December, 1984that the proposed new loan transaction could not be completed while their title problems existed. Defendants notified their attorney of their title problems, but took no further action with respect to clearing their title.
In January, 1985, as a result of an administrative error, plaintiff sent defendants discharges of both mortgages and informed them to make monthly payments in the amount contemplated by the proposed new loan. Plaintiff did Pot cancel the two promissory notes. Defendants recorded the mortgage discharges, made the January monthly payment at the new rate requested by plaintiff, but have made no further payments at either the old monthly rates or the proposed newmonthly rate.
In March, 1985, plaintiff apparently discovered that the defendants had made no February payment and that file amount owed by defendants was no longer secured by real estate mortgages. On March 21,1985, it brought this action in the Superior Court Department and obtained a real estate attachment against defendants' real estate in the amount of $40,000. Defendants have made no payments to plaintiff *28 since January, 1985.
Dist./Mun. Cts. R. Civ. P., Rule 56(c) provides in part, that “the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” Defendants admit the amount plaintiff seeks in this action is owed by them. Defendants have made no payments to plaintiff since January, 1985. By March 21,1985, when plaintiff filed this action, defendants were in default of their existing loans and would have been in default of the proposed new loan had the proposed new loan been executed. There is no error in the allowance of plaintiff's Motion for Summary Judgment on its complaint.
It is alleged by defendants in their counterclaims that plaintiffs outrageous and extreme conduct in bringing this action in the circumstances of this case, provides them with a common law cause of action as well as a cause of action under the provisions of G.L.c. 93A. Dist./Mun. Cts. R. Civ. P., Rule 56 (b) provides that a party against whom a counterclaim is asserted may move for summary judgment in his favor. Both common law actions and G.L. c. 93A actions are appropriate matters for summary judgment if there is no genuine issue of material fact. Noyes v. Quincy Mutual Fire Ins. Co., 7 Mass. App. Ct. 723, 725 (1979).
Immediately prior to plaintiffs bringing this action, it was the holder of promissory notes that were in default. Plaintiff had no security for these promissory notes. The trial judge determined that bringing this action in the circumstances of this case was not outrageous and not a violation of G.L. c. 93A. We agree andfind no error in granting summary judgment in favor of plaintiff on defendants' counterclaims.
Report dismissed.