Chernoff, J.
This is an action for damages arising out of the alleged delay by defendant American Casualty Company of Pennsylvania (American) in settling a claim under an insurance policy issued to plaintiff Howard E. Lang (Lang). American has now moved for summary judgment pursuant to Mass.R.Civ.P. 56, on the grounds that Lang has suffered no loss of money or property as required under G.L.c. 93A, §11, nor are his damages causally related to American’s alleged misconduct. Stating that they are instead entitled to judgment as a matter of law, plaintiffs have cross-moved for summary judgment. For the following reasons, American’s motion for summary judgment must be allowed and plaintiffs’ motion must be denied.
BACKGROUND
For the purposes of this motion for summary judgment, the following facts are undisputed:
From November 1993 until December 1984, Lang operated a Servpro franchise, a business that provided cleaning services to residential and commercial customers. Lang obtained work both directly from property owners and indirectly from insurance adjusters responsible for clean-up of an insured’s property after an accident. Lang purchased business insurance for his Servpro franchise from American, through American’s parent company, CNA Insurance Companies. The policy included property damage and general comprehensive liability coverage, and was effective from November 16, 1993, through January 1, 1985.
In June 1984, Lang performed a clean-up at the Green Jade Restaurant, owned and operated by Wayne K. Yee (Yee). The restaurant had been damaged in a fire, and the cost of clean-up may have been covered by Yee’s insurance company, where Robert Margetta (Margetta) was the adjuster in charge of the claim. It is not clear whether the job was obtained through Margetta or directly from Yee.
Upon Lang’s completion of the job, Yee informed Lang that all metallic surfaces and equipment in the restaurant kitchen had been damaged, which Yee believed to have been caused by Lang’s use of muriatic acid to clean the tile grout on the kitchen floor. Yee refused to sign Lang’s invoice until he received assurances that he would be reimbursed for the damage.
Lang notified his insurance agent, who in turn notified American of Yee’s claim; a “Liability Loss Notice” was prepared. On August 17,1944, American confirmed that Lang’s policy afforded him coverage. On August 21, 1984, Lang wrote to Margetta to assure him that Lang had contacted CNA, and that CNA had in turn confirmed to Yee that the damage to the stainless steel was covered. Yee denies having been so notified.
On September 6, 1984, American’s claims adjuster, Ivan Page (Page), performed an insurance inspection of the Green Jade Restaurant to inspect the damaged metallic surfaces. Both Lang and American agreed that the amount Yee was seeking to recover was too high, and also that the damage may not have been Lang’s fault, since Lang had used the muriatic acid according to instructions. Lang spoke to Page at about this time, and wrote him twice, first on September 10, forwarding a copy of the letter to Margetta, and then on September 12, forwarding a copy of the instructions from a bottle of muriatic acid.
In October 1984, Yee’s attorney, William G. Pontes (Pontes), began to attempt to contact American by telephone, and sent several letters to Page. Pontes spoke to Page twice, the last time being in January 1985, at which time Page informed Pontes that he was no longer in charge of the claim, and that someone else from American would be in contact with Pontes shortly. From January 1985 until June 1985, American failed to contact Yee, Pontes or Lang to discuss the status of the claim, in spite of repeated attempts by all three to obtain information.[1] In June 1985, Yee filed suit against Lang. After a default judgment entered against Lang, American undertook to defend the claim, and ultimately settled with Yee in March 1986.
Lang now claims damages for the alleged consequences of American’s delay in settling his claim. He states that he has still not received payment for the Green Jade Restaurant cleanup, in the amount of $2,770.26. In addition, in late 1984, he began experiencing marital difficulties, problems with drug and alcohol abuse, depression and anxiety. He closed the Servpro franchise in December 1984, and was divorced in 1987. He seeks damages for the loss of the Green Jade payment, for the loss of the business, and for emotional distress. In addition, both he and his former wife seek damages for loss of consortium. In his memorandum in opposition to summary judgment, Lang further claims that he has lost money as a result of American’s delay by being compelled to pay his insurance premium through December 1994.
DISCUSSION
Summary judgment shall be granted where there is no genuine dispute as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, *475 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(C). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and further, “that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case, or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991).
As to the counts based on G.L.c. 93A (Counts III-IX), the action is governed by G.L.c. 93A, §11, and not, as Lang contends, by §9. “All that is required for a plaintiff to fall within the ambit of §11 is some transaction in a business context.” Kerlinsky v. Fidelity & Deposit Co., 690 F.Supp. 1112, 1117 (D.Mass. 1987). This cause of action arose out of Lang’s business insurance contract with American. The fundamental nature of the claim as a business transaction is not changed by the mere fact that the plaintiffs seek non-business damages, nor by the fact that the business relationship ended before damages were recovered.
Having decided that the action is governed by §11, that section “does not grant an independent right to recover for violations of G.L.c. 176D, §3, cl. 9.” Polaroid Corp. v. Travelers Indemnity Co., 414 Mass. 747 (1993). There is no individual cause of action created for violations of G.L.c. 176D. Mahaney v. John Hancock Mut. Life Ins. Co., 6 Mass.App.Ct. 919 (1978). Therefore, Lang’s claim only survives insofar as he is successfully able to make out all of the elements of a cause of action under G.L.c. 93A, §11, regardless of whether American’s conduct also violates G.L.c. 176D.[2] Whether he is able to do so remains a question of fact.
The court next turns to the question of what damages, if any, are recoverable. The court holds as a matter of law that there is no causal connection between the defendants’ alleged wrongful conduct and the damages sustained by the plaintiffs.[3] There is no evidence that American’s failure to settle Yee’s claim caused Lang to lose the payment from Yee. American settled with Yee in March 1986, and Yee has still failed to pay the outstanding balance owed to Lang. Whether Yee may have paid that balance if the settlement had been made in a more timely fashion is a matter of pure speculation, and cannot be presented to a jury. Thus, to the extent that Lang claims that his other damages — the loss of his business as well as his “emotional-distress-like" damages, e.g., marital difficulties, drug and alcohol abuse, depression, anxiety, and loss of consortium — flow from the loss of the $2,770.26, these claims also must fail.
Lang also asserts that his emotional distress damages and loss of business stem directly from American’s delay in handling the claim. It is questionable first of all whether such damages are recoverable at all under G.L.c. 93A, §11. Further, American has successfully demonstrated that no evidence is likely to be forthcoming at trial that the defendant’s alleged wrongful conduct directly caused these damages. There is absolutely no evidence of direct causation other than Lang’s own assertions that he was “upset with the handling of the claim,” and began to feel depressed at around that time. Deposition of Howard E. Lang, at 144. It is noteworthy that under this theory, Lang claims that the delay in settlement caused him first to become depressed, which in turn caused him to lose his business. Under the theory propounded above, however, Lang claims that the delay in handling the claim first caused him to forfeit payment from Yee, which in turn caused him to lose his business, and that the loss of the business caused his depression.
All counts of the Complaint that are solely based on such “emotional-distress-like” damages — i.e., CountX (Negligent/Intentional Infliction of Emotional Distress), and Counts XI-XII (Loss of Consortium) — must therefore fail. To the extent that the counts for violation of G.L.c. 93A (Counts III-IX) claim emotional-distress-like damages, these are not causally related to American’s conduct and must also fail. Because no damages are recoverable, summary judgment must enter in favor of the defendant on all counts.
ORDER
For the foregoing reasons, the defendant’s motion for summary judgment is hereby ALLOWED, and the plaintiffs’ motion for summary judgment is hereby DENIED.

 On February 27,1985, Pontes sent CNA Insurance Companies a demand letter as required by G.L.c. 93A, §9. Apparently CNA failed to respond to the demand letter. These facts are immaterial since, as will be seen, the action is governed by G.L.c. 93A, §11, not §9.

 Essentially, then, all of the counts for violations of G.L.c. 93A, each based on separate clauses of G.L.c. 176D and of 940 Code Mass. Regs. 3.16, amount to one claim for damages resulting from the same course of conduct allegedly in violation of G.L.c. 93A §11.

 Although Lang “no longer alleges . . . damages and injuries to Lang’s . . . professional and personal reputation and integrity," Plaintiffs’ Amended Memorandum in Opposition to Defendant’s Motion for Summary Judgment, at 6-7, the court feels compelled to mention that, as Lang concedes, there is absolutely no evidence that the defendants, or anyone else, discussed Lang or the quality of his work, or in any way hindered or attempted to hinder his ability to obtain work.