King, J.
The plaintiff, Stephen Bruning (Bruning), brings this action to recover for damages sustained in an automobile accident with Allen Welch (Welch) on February 3, 1993. Bruning’s claim against defendant Safety Insurance Company (Safety), the insurer of the vehicle operated by defendant Welch, alleges that Safety failed to effectuate a prompt, fair and reasonable offer of settlement in violation of G.L.c. 93A. Safety now moves for summary judgment and the plaintiff brings a cross motion for summary judgment against Safety. The material facts are not disputed. For the reasons set forth below, Safety’s Motion for Summary Judgment is DENIED and Bruning’s Cross Motion for Partial Summary Judgment against Safety is ALLOWED.
BACKGROUND
For purposes of this motion, the following facts are undisputed. On February 3, 1993, Bruning was operating a vehicle in West Roxbury, Massachusetts when he was struck by a taxi cab, traveling on the wrong side of the road, operated by defendant Welch. The taxi operated by Welch was owned by defendant Thomas White (White) and was insured by Safety. Safety’s policy has a maximum per person liability coverage of $15,000. As a result of the injuries sustained by Bruning in the accident, he has incurred.over $15,000 in medical bills. Safety concedes the liability of Welch and also concedes that Welch is an “insured” under White’s auto insurance policy. There are, however, material issues of fact as to White’s liability to Bruning.
On September 14, 1993 the plaintiff sent a formal demand letter to Safety, pursuant to G.L.c.93A, §9. To make certain that the basis of Safety’s liability was clear, Bruning sent a second demand letter to Safety on September 12, 1995. On October 20, 1995, Bruning filed suit against Safety, Welch, and White, individually, and doing business under the name Mew, Inc. or Forest Hills Independent Taxi Service, alleging, among other things, that Safety failed to effectuate a prompt settlement under White’s automobile insurance policy in violation of G.L.c. 93A. In a letter dated October 8, 1993, Safety offered to pay Bruning the policy limit of $15,000, on the condition that he execute a release of all claims against White. Safety did not ask a release of all claims against Welch. This action was filed after Safety refused to pay the policy limits to Burning unless he released White. Six months after the case was filed Safety filed a motion to deposit the policy limits ($15,000) with the court. That motion was allowed.
*291 DISCUSSION
The court will grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Nashua Corp. v. Fire State Ins. Co., 420 Mass. 196, 202 (1995); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence' of a triable issue. Penderson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
A cause of action under G.L.c. 93Ais an appropriate matter for summary judgment under rule 56 only if there is no genuine issue of material fact. Noyes v. Quincy Mutual Fire Ins. Co., 7 Mass.App.Ct. 723, 725 (1979). Whether a given practice is unfair or deceptive under G.L.c. 93A must be determined under the circumstances of each case. Id. at 726, citing Norwood Morris Plan Co. v. McCarthy, 295 Mass. 597, 603 (1936).
In the present case, Safety, while contesting White’s liability, has conceded that Welch, as the driver of the taxi, is liable for the accident and is an “insured” under the automobile policy issued to White. In addition, Safety does not dispute the plaintiffs claim that he has incurred over $15,000 in medical bills. With these undisputed facts, the issue is whether Safety engaged in unfair and deceptive trade practices in violation of G.L.c. 93A by requiring Bruning to release White from all claims before paying the $15,000 policy limit to Bruning.
Conduct that violates G.L.c. 176D, §3, the Massachusetts statute defining unfair or deceptive acts or practices in the business of insurance, also violates G.L.c. 93A, §9 and §2(a). See Noyes 7 Mass.App.Ct. at 726. Under G.L.c. 176D, §3(9)(f), an insurance company’s failure to “effectuate prompt, fair and equitable settlements of claims in which the liability has become reasonably clear” constitutes an unfair settlement practice. G.L.c. 176D, §3(9)(f).
In Thaler v. American Ins. Co., 34 Mass.App.Ct. 639, 643 (1993), the plaintiff tort claimant sustained serious injuries as a passenger in the insured’s vehicle. The plaintiffs damages were clearly in excess of the policy amount, but the insurance company refused to pay the policy limit without a release of the insured from all claims. Id. at 640. The Appeals Court held that the insistence on a release in Thaler did not amount to an unfair settlement practice in violation of G.L.c. 176D, §3(9)(f) because the insurance company’s liability to the plaintiff was not “reasonably clear” and there was no clear precedent to guide the insurance company’s settlement decision. Id. at 643. The Appeals Court held, however, that “henceforth the insistence on a release by an insurer as a condition of payment of the policy limits where the liability of its insured is undisputed and damages exceed the policy limits amounts to an unfair settlement practice in violation of G.L.c. 176D, §3(9)(f)." Id.
This court is not faced with a situation where the liability of one of the insures was not ‘reasonably clear’ or where the insurance company was unaware of its liability under c.93A and c. 176D. When Bruning sent the demand letters to Safety, several months after the Appeals Court decision in Thaler, Safety’s liability was clear. Unless this case can be distinguished from the holding in Thaler, Safety has committed an unfair and deceptive trade practice in refusing to pay Bruning the policy limits without insisting on a release of his claim against White.
In an effort to distinguish Thaler, Safety asserts that White’s liability is disputed and, therefore, insisting on White’s release does not amount to an unfair settlement practice. The relevant inquiry to determine whether the rule established in Thaler applies, however, is not whether the liability of each and every insured is reasonably clear, but whether it is clear that payment is due under the policy. See Thaler, 34 Mass.App.Ct. at 643. Even ifWhite is ultimately found not to be liable to Bruning, Safety would still be required to pay the policy limits to Bruning. Hence, White’s liability has no bearing on Safety’s obligation to pay Bruning the policy limits.
Safety also argues that the duty to defend the interest of White, its other insured, justified Safety’s refusal to pay the police limits to Bruning without first obtaining a release of White. The general rule in this Commonwealth is that an insurer is held to a standard of reasonable conduct in its defense of its insured. Hartford Casualty Ins. Co. v. New Hampshire Ins. Co., 417 Mass. 115, 118 (1994). If Safety’s motive in withholding the policy proceeds was based on its desire to obtain a favorable outcome for White, then it acted unreasonably because, in effect, it used the withholding of the admittedly owed insurance proceeds to put pressure on Bruning to give up his claim against White.
Based on the ruling in Thaler v. American Ins. Co., supra, as applied to the uncontested facts of this case, there is sufficient evidence to conclude as a matter of law, that Safety failed to provide prompt, fair and equitable settlement of Bruning’s tort claim in violation of G.L.c. 176D and c. 93A, §§2 and 9.
Safety claims that if its legal analysis was incorrect, it should not be found in violation of c. 93A or c. 176D because it relied upon a plausible legal analysis of its duty to an insured and on the advice of counsel. As discussed above, Safety’s analysis of its duty to its insured was not plausible or reasonable. Independent of any duty to its insured, Safety exerted pressure on Bruning to abandon his claim against White after admitting that an insured (Welch) was responsible for the accident and that Bruning’s medical bills exceeded the policy limits. Safety continued this practice despite Bruning’s two demand letters which clearly set forth *292 Safety’s liability for this practice under Thaler. Safety's refusal to grant relief in response to Bruning’s demand letter was made in bad faith with knowledge or reason to know that its complained of conduct violated Section two of chapter 93A.
For the reasons set forth above, it is hereby ORDERED as follows:
The defendant, Safety Insurance Company’s Motion for Summary Judgment is DENIED and the plaintiff, Stephen Bruning’s Cross Motion for Partial Summary Judgment as to Count v. against Defendant Safety Insurance Company is ALLOWED.
Within forty-five (45) days of the date of this order, the plaintiff shall file a motion for an assessment of damages[2] and attorney’s fees in accordance with Superior Court Rule 9A. After hearing on said motion, a judgment shall enter on the plaintiffs G.L.c. 93A claim against Safety.

Prior to March 5, 1990, the base amount for multiple damages was limited to costs resulting from an insurance company’s wrongdoing. See Bertassi v. Allstate Ins. Co., 402 Mass. 366, 372-73 (1988). Paragraph (3) of Section 9 of Chapter 93A, however, has been amended by St. 1989, c. 580. The 1989 amendment can be read to require the full amount of the insurance coverage as the basis for multiple damages where an insurer willfully, knowingly or in bad faith fails to pay insurance coverage. See Miller v. Risk Management Found. of Harvard Medical Institutions, Inc., 36 Mass.App.Ct. 411, 420, n.15 (1994).