NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1059

NATASHA FRODEL & another[1]

vs.

LIBERTY MUTUAL FIRE INSURANCE COMPANY & another.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On July 16, 2019, the plaintiffs, Natasha and Dean Frodel, filed a complaint in Suffolk Superior Court against the defendant, Liberty Mutual Fire Insurance Company (Liberty Mutual), alleging various claims arising out of an insurance contract.  On April 10, 2023, a judge of the Suffolk Superior Court issued a decision granting summary judgment to Liberty Mutual and dismissing the action with prejudice.[3]  The plaintiffs

---

[1] Dean Frodel.

[2] RebuildEx, LLC (RebuildEx).  The plaintiffs' claims against RebuildEx were dismissed by agreement prior to summary judgment, and RebuildEx is not a party to this appeal.

[3] The plaintiffs' breach of contract claim against Liberty Mutual was dismissed prior to summary judgment and is not an issue on appeal.

appeal, specifically arguing that Liberty Mutual pressured the plaintiffs into accepting work from RebuildEx, LLC (RebuildEx), and separately, that Liberty Mutual orally warranted RebuildEx's work and then breached that warranty, all in violation of G. L. c. 93A.[4]  We affirm.

We review the grant of a motion for summary judgment de novo.  See Barbetti v. Stempniewicz, 490 Mass. 98, 107 (2022).  "The standard of review of a grant of summary judgment is whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law" (citation omitted).  Nunez v. A&M Rentals, Inc., 63 Mass. App. Ct. 20, 22 (2005).  If the moving party satisfies the burden of showing no genuine issue of material fact and entitlement as a matter of law to a judgment, the nonmoving party, to survive summary judgment, must "set[] forth specific facts showing that there is a genuine issue for trial." (citation omitted).  Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716

---

[4] The judge also held that, as a matter of law, the plaintiffs' claims against Liberty Mutual were not resolved by a purported settlement and release agreement between the parties, as Liberty Mutual argued below and contends here.  Given our resolution of this appeal on other grounds, we need not consider this argument.  Likewise, the judge ruled that the plaintiffs' other allegation, that Liberty Mutual did not handle the plaintiffs' insurance claims fairly and promptly, also failed as a matter of law.  The plaintiffs do not appeal the judge's decision on that ground, and as such we do not address it.

(1991).  "In deciding a motion for summary judgment[,] the court may consider the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits."  Niles v. Huntington Controls, Inc., 92 Mass. App. Ct. 15, 18 (2017).

Actions alleging a violation of G. L. c. 93A can be appropriate for summary judgment.  See Noyes v. Quincy Mut. Fire Ins. Co., 7 Mass. App. Ct. 723, 725 (1979).  Here, the plaintiffs' G. L. c. 93A claim alleges improper insurance claims practices, specifically unfair or deceptive acts, in violation of G. L. c. 176D.[5]  For a plaintiff to recover under a G. L. c. 93A claim, a plaintiff must show an unfair or deceptive act or practice and a causal connection between the act or practice and the plaintiff's injury.  See Siegel v. Berkshire Life Ins. Co., 64 Mass. App. Ct. 698, 702 n.3 (2005).  "Whether a given practice is unfair or deceptive under G. L. c. 93A must be determined from the circumstances of each case."  Noyes, supra at 726.  "Although whether a particular set of acts, in their factual setting, is unfair or deceptive is a question of fact . . . the boundaries of what may qualify for consideration as a c. 93A violation is a question of law" (citation omitted).

---

[5] Although the plaintiffs do not reference G. L. c. 176D in their amended complaint, the judge held that it was "clear that this is a c. 93A action based upon allegations of improper insurance claims practices in violation of c. 176D."  Neither party argues otherwise on appeal.

Milliken & Co. v. Duro Textiles, LLC, 451 Mass. 547, 563 (2008). Viewing the evidence in the light most favorable to the plaintiffs, the motion judge properly determined that Liberty Mutual was entitled to summary judgment where the plaintiffs have no reasonable expectation of proving a G. L. c. 93A claim at trial.

The plaintiffs first contend that Liberty Mutual's unfair or deceptive behavior included advising the plaintiffs of the twelve-month limit for coverage of additional living expenses (ALE), advising the plaintiffs that Liberty Mutual would cover only damages "actually sustained," advocating for Liberty Mutual's preferred contractor, and retaining a third-party contractor to conduct a reinspection of the property and complete a comparative estimate. As a matter of law, these allegations do not amount to a G. L. c. 93A violation.

Informing the plaintiffs of the terms of their contract, that the maximum ALE coverage was twelve months, and that Liberty Mutual would only cover damages "actually sustained," was not an unfair or deceptive practice, but rather good practice of an insurance company in reminding their client of the terms of their insurance contract. Furthermore, retaining a third-party contractor to conduct a reinspection of the property and complete a comparative estimate was allowed under the plaintiffs' insurance policy with Liberty Mutual. Also, there

4

is nothing in the record to suggest that the comparative estimate was requested in bad faith.

Although Liberty Mutual did repeatedly state that their preferred contractor was RebuildEx, Liberty Mutual never made contingent any of their services on the plaintiffs' using the preferred contractor. Absent anywhere in the record is any statement by Liberty Mutual that their terms were contingent on the plaintiffs' agreeing to use RebuildEx. In fact, Natasha Frodel acknowledged in her deposition that Liberty Mutual's agreement to pay the maximum ALE coverage was not contingent on the plaintiffs' accepting any other term from Liberty Mutual. The plaintiffs failed to put forth specific facts from the record from which a factfinder could conclude that Liberty Mutual used unlawful tactics to compel the plaintiffs to use RebuildEx.[6]

Additionally, the plaintiffs did not establish the causation element of a G. L. c. 93A violation, as in conjunction with the previously mentioned facts, it is also undisputed that Liberty Mutual committed to paying the maximum coverage for ALE over two months before the plaintiffs selected RebuildEx to repair their home.

---

[6] In fact, the record also reflects that Liberty Mutual issued multiple payments to the plaintiffs to help compensate for their losses.

With regard to the plaintiffs' second argument, that Liberty Mutual violated G. L. c. 93A by orally warranting RebuildEx's work and then breaching that warranty, this argument also fails as a matter of law.[7] This claim rests on conversations the plaintiffs had with various Liberty Mutual agents, in which the agent described that they would "stand by" the work of RebuildEx, and also where an agent, in describing RebuildEx, stated that "this is someone we trust and someone that will do a good job for you." These statements, when considered in light of the full record before the judge, are not sufficient as a matter of law to constitute an oral warranty, nor a G. L. c. 93A violation.

An express warranty amounts to language that suggests the "defendant promised a specific result." Anthony's Pier Four, Inc., v. Crandall Dry Dock Eng'rs, Inc., 396 Mass. 818, 823 (1986). The language alleged here does not suggest that Liberty Mutual promised that RebuildEx would not make any mistakes, or that Liberty Mutual promised to pay to correct those mistakes. The plaintiffs fail to mention in their brief that Dean Frodel

---

[7] The judge did not address this argument in his summary judgment order, although the plaintiffs did argue this point in their opposition to the defendant's motion for summary judgment. We address this argument, as "it is well-established that, on appeal, we may consider any ground apparent in the record that supports the result reached in the lower court." Gabbidon v. King, 414 Mass. 685, 686 (1993).

6

also testified that, in his conversations with an agent of Liberty Mutual, the agent "did not get into [the] point [of] saying '[w]e'll pay to fix it' [if RebuildEx fails to adequately perform]."  Merely describing that RebuildEx generally does good work and that Liberty Mutual stands by their work, but not stating that they would pay for RebuildEx's mistakes, if any, does not amount to a warranty.  Rather, it is permissible language for an insurance company to use when describing their preferred contractor.

The plaintiffs also cite no supporting authority in their brief to suggest that the facts alleged may amount to an oral warranty.  Rather, our case law demonstrates that the facts alleged, in totality, do not amount to an oral warranty. Contrast Raymond Syndicate, Inc., v. American Radio & Research Corp. 263 Mass. 147, 152 (1928) (guaranty of "full satisfaction or money refunded" constitutes warranty).

In addition, these conversations between Liberty Mutual agents and the plaintiffs do not by themselves amount to a violation of G. L. c. 93A.  If anything, there may be "a good faith dispute as to whether money is owed, or performance of some kind is due, [which] is not the stuff of which a c. 93A

7

claim is made." Duclersaint v. Federal Nat'l Mtge. Ass'n., 427 Mass. 809, 814 (1998).

Judgment affirmed.

By the Court (Meade,
Ditkoff & Toone, JJ.[8]),

Clerk

Entered:  December 15, 2025.

---

[8] The panelists are listed in order of seniority.